# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM SMITH, # S-15953, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-349-DRH |
| | ) |
| ELIJAH SPILLER, | ) |
| MAJOR ADAMS, | ) |
| MAJOR JACKSON, | ) |
| J. KELLER, | ) |
| C/O GOLDBERG, | ) |
| CHARLES W. HECK, | ) |
| MARCUS A. MYERS, | ) |
| KAREN JAIMET, | ) |
| C/O WILLIAMS, | ) |
| LT. SMITH, | ) |
| COUNSELOR SELBY, | ) |
| and UNKNOWN PARTY (Grievance Officer), | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on February 13, 2018. His Complaint (Doc. 1) includes a request for an "Emergency Injunction" to force Defendants to return Plaintiff's legal documents to him, so that he may prepare pleadings and other papers to file in pending cases in other districts, and so that he may initiate a new lawsuit in the Central District of Illinois before the applicable statute of limitations expires. (Doc. 1, p. 4). On February 14, 2018, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") in this action. (Doc. 4). For the reasons set forth below, both the motion for leave to proceed IFP and

1

the request for an emergency injunction (reflected on the docket sheet as Doc. 2) shall be denied.

Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If IFP status is granted, a prisoner is assessed an initial partial filing fee according to the formula in 28 U.S.C. § 1915(b)(1)(A)-(B). Thereafter, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). This monthly payment must be made each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id*. Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

In this case, Plaintiff has tendered an affidavit of indigence stating that he is without funds to pay the $400.00[1] filing fee for this action. He has failed to provide the required trust fund statement from the prison. Nonetheless, the Court finds it expedient at this time to review Plaintiff's eligibility to proceed IFP.

---

[1] A litigant who is granted IFP status must pay a filing fee of only $350.00, as he is not assessed the $50.00 administrative fee for filing an action in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

Under 28 U.S.C. § 1915,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed in the Public Access to Court Electronic Records ("PACER") system (www.pacer.gov) discloses the following actions brought by Plaintiff during his imprisonment, in which he sought redress from officers or employees of a governmental entity, that have been dismissed pursuant to 28 U.S.C. § 1915A on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: *Smith v. Macon Cnty. Auditor's Office, et al.*, Case No. 14-cv-2177 (C.D. Ill., dismissed Nov. 14, 2014, for failure to state a claim); *Smith v. Macon Cnty. Circuit Court, et al.*, Case No. 17-cv-2276 (C.D. Ill., dismissed Nov. 30, 2017, pursuant to § 1915A(b) for failure to state a claim); and *Smith v. Macon Cnty. Circuit Clerks Office, et al.*, Case No. 17-cv-2315 (C.D. Ill., dismissed Dec. 21, 2017, pursuant to § 1915A(b) for failure to state a claim).[2] Because Plaintiff has three "strikes" for purposes of

---

[2] The orders dismissing Plaintiff's 2 most recent cases (No. 17-cv-2276 and No. 17-cv-2315) did not explicitly inform Plaintiff that the dismissal would count as one of Plaintiff's 3 allotted "strikes" pursuant to 28 U.S.C. § 1915(g). Nonetheless, Plaintiff filed each case while was a prisoner, and each was dismissed for failure to state a claim upon which relief may be granted, after the court reviewed the merits of the case pursuant to 28 U.S.C. § 1915A. Section 1915A requires a merits review for any case filed by a prisoner seeking relief from a governmental entity or official. A dismissal of a case on one of the grounds enumerated in § 1915(g) counts as a "strike," so long as the dismissal order states that the case was dismissed as either frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Paul v. Marberry*, 658 F.3d 702, 704-05 (7th Cir. 2011); *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (courts must consider actions dismissed on any of the 3 grounds listed in § 1915(g) when determining whether a prisoner has "struck out").

§ 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff's Complaint, as well as his motion for leave to proceed IFP, are completely devoid of allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury. The basis for Plaintiff's request for emergency injunctive relief is that he fears he will miss filing deadlines in one of his pending court cases or appeals, or that the statute of limitations will expire before he is able to prepare and submit a complaint in a new action he plans to bring. This does not pose a threat to Plaintiff's physical safety. In Plaintiff's other claims, he alleges that he was denied a single meal on 2 occasions, on January 21 and February 8, 2018; he has not been given his personal hygiene items; and he was issued a false disciplinary report that resulted in punishment with segregation for 1 month. (Doc. 1, pp. 2, 4-5). Again, none of these allegations raise a concern that Plaintiff faces serious physical injury, imminent or not.

Based on the above, the Court concludes that Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of § 1915(g), thus he cannot proceed IFP in this case. Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 4) is **DENIED**. It is **further ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (on or before **March 8, 2018**). If Plaintiff fails to comply with this payment order in the time allotted by the Court, this case will be dismissed. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994). Additionally, the Court shall order payments to be deducted from Plaintiff's prisoner trust account in accordance with § 1915(b) until the $400.00 fee is paid in full.

Until the filing fee for this action is paid, the Court shall not consider granting any injunctive or other relief. Moreover, Plaintiff's allegations do not show that an emergency injunction is necessary. Although he does not use this terminology, Plaintiff essentially requests a temporary restraining order ("TRO"). A TRO is an order issued without notice to the party to be enjoined, and may last no more than 14 days. A Court may not issue a TRO unless "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *See* FED. R. CIV. P. 65(b)(1)(A). Federal courts must exercise equitable restraint when asked to take over the administration of a prison, and in this case, the Court finds that Plaintiff has not demonstrated that he faces any immediate or irreparable injury or loss that warrants this extraordinary form of relief.

Records available in PACER reflect that Plaintiff has filed a motion in his pending civil

action in the Central District of Illinois, *Smith v. Maloney, et al.*, Case No. 17-cv-1475, requesting a continuance and other relief due to the unavailability of his legal property. Similar relief would presumably be available in his pending appeals, if necessary. And as to the new case Plaintiff intends to bring in the Central District of Illinois, the fact that Plaintiff was able to file this action demonstrates that he has the ability to file a complaint elsewhere, even if it may not contain all the details that he could include if he had full access to his legal property. The request/motion for emergency injunction (Doc. 2) is therefore **DENIED.**

Because this Order makes it clear to Plaintiff that he has "struck out," he would be well advised to consider whether he would be entitled to proceed IFP in a new lawsuit, or whether he wishes to incur the obligation to pay a new filing fee in advance, given the hurdle he now must surmount in 28 U.S.C. § 1915(g). Plaintiff is **FURTHER ADVISED** that if he files a new case or seeks leave to proceed IFP without disclosing his litigation history, including his three strikes, he may be subject to sanctions including the dismissal of the case.

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

Judge Herndon
2018.02.15
08:33:11 -06'00'

United States District Judge