IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM SMITH, # S-15953, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-349-DRH |
| | ) |
| ELIJAH SPILLER, | ) |
| MAJOR ADAMS, | ) |
| MAJOR JACKSON, | ) |
| J. KELLER, | ) |
| C/O GOLDBERG, | ) |
| CHARLES W. HECK, | ) |
| MARCUS A. MYERS, | ) |
| KAREN JAIMET, | ) |
| C/O WILLIAMS, | ) |
| LT. SMITH, | ) |
| COUNSELOR SELBY, | ) |
| and UNKNOWN PARTY (Grievance | ) |
| Officer), | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court on Plaintiff's "Motion to Reconsider the Ruling of Denial on Motion to Reconsider" (Doc. 13), filed March 15, 2018. In this motion, Plaintiff once again argues that this Court wrongly concluded that he has incurred 3 "strikes" within the meaning of 28 U.S.C. § 1915(g), and erroneously denied him leave to proceed *in forma pauperis* ("IFP") on that basis. In support of his argument, Plaintiff attaches a February 28, 2018, letter from the Clerk of Court of the United States District Court for the Central District of

1

Illinois, informing Plaintiff that in the Central District, he has 1 strike, incurred in Case No. 14-2177 on November 14, 2014. (Doc. 13, p. 2).

This information does not alter this Court's conclusion that Plaintiff has "struck out." Plaintiff already informed the Court that according to the Central District's three-strike log, he had only 1 strike recorded there. (Doc. 11, p. 1). That piece of information is not dispositive of the question, however. As the undersigned Judge explained in the March 6, 2018, order on this issue (Doc. 12), this Court is obligated to evaluate the dismissal orders in a prisoner-plaintiff's earlier cases, in order to comply with the directive in 28 U.S.C. § 1915(g) that prohibits a struck-out prisoner from proceeding IFP in a case unless he is under imminent danger of serious physical injury.

Notwithstanding the Clerk of Court's letter confirming that only 1 strike is recorded in the Central District's log, this Court's examination of the dismissal orders in 2 of Plaintiff's other cases in that court[1] led the undersigned to conclude that Plaintiff has incurred 2 other strikes. (Docs. 5, 12). Notably, in response to Plaintiff's motions seeking clarification of whether the dismissals of Case Nos. 17-2276 and 17-2315 would count as "strikes," the Central District Judge who dismissed those 2 cases declined any further comment on the "strike or no strike" question. *Smith v. Macon Cnty. Circuit Court, et al.*, Case No. 17-cv-2276 (C.D. Ill., d/e Feb. 26, 2018 and d/e Feb. 28, 2018); and *Smith v. Macon Cnty. Circuit*

---

[1] *Smith v. Macon Cnty. Circuit Court, et al.*, Case No. 17-cv-2276 (C.D. Ill., dismissed Nov. 30, 2017, pursuant to § 1915A(b) for failure to state a claim); and *Smith v. Macon Cnty. Circuit Clerks Office, et al.*, Case No. 17-cv-2315 (C.D. Ill., dismissed Dec. 21, 2017, pursuant to § 1915A(b) for failure to state a claim).

*Clerks Office, et al.*, Case No. 17-cv-2315 (C.D. Ill., d/e Feb. 26, 2018 and d/e Feb. 28, 2018).

Plaintiff's insistence that these 2 cases were not subject to the PLRA is without merit, as this Court previously informed him. (Doc. 12, pp. 2-4). He sued a government official and a governmental entity. When a prisoner's lawsuit against a governmental entity/officer/employee is dismissed because it was frivolous, malicious, or failed to state a claim, it counts as a strike under § 1915(g). *See* 28 U.S.C. § 1915A(a); *Paul v. Marberry*, 658 F.3d 702, 704-05 (7th Cir. 2011); *Turley v. Gaetz*, 625 F.3d 1005, 1012 (7th Cir. 2010); *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (courts must consider actions dismissed on any of the 3 grounds listed in § 1915(g) when determining whether a prisoner has "struck out").

Nothing in Plaintiff's motion compels the Court to alter its conclusion that Plaintiff has incurred 3 strikes. Because he has not shown that he is under any imminent danger of serious physical injury, he may not proceed IFP in this action. The Motion to Reconsider the Ruling of Denial on Motion to Reconsider (Doc. 13) is **DENIED.**

Plaintiff was previously ordered to pay the $400.00 filing fee in this action by March 8, 2018, if he wished to proceed with this case. He has made no payment. In consideration of Plaintiff's request to reconsider and the Court's denial of this motion, Plaintiff shall be allowed an additional **14 days** to pay the fee. If the $400.00 filing fee is not **paid in full by April 2, 2018**, this case shall

3

be dismissed without prejudice and judgment shall be entered. At that time, Plaintiff may appeal the final judgment if he so chooses.

**IT IS SO ORDERED.**

*David R. Herndon*
Judge Herndon
2018.03.16 14:57:45
-05'00'

United States District Judge