IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ADAM SMITH, # S-15953,

      Plaintiff,

vs.                                         Case No. 18-cv-349-DRH

ELIJAH SPILLER,
MAJOR ADAMS,
MAJOR JACKSON,
J. KELLER,
C/O GOLDBERG,
CHARLES W. HECK,
MARCUS A. MYERS,
KAREN JAIMET,
C/O WILLIAMS,
LT. SMITH,
COUNSELOR SELBY,
and UNKNOWN PARTY (Grievance
  Officer),

      Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      This matter is before the Court for case management. On February 2, 2018, this Court denied Plaintiff's application to proceed *in forma pauperis* ("IFP") in this case, and ordered him to pay the $400.00 filing fee for this case no later than March 8, 2018 (Doc. 5). Plaintiff has "struck out" under 28 U.S.C. § 1915(g). Plaintiff's payment deadline was extended to April 2, 2018, when the Court denied his motion to reconsider the denial of IFP status (Doc. 14). Plaintiff was clearly warned in both Orders (as well as in the Order at Doc. 12) that failure

1

to pay the filing fee would result in dismissal of this case.

The date to pay the filing fee has passed, and Plaintiff has failed to pay. As a result, this action is **DISMISSED** with prejudice, for failure to comply with an Order of this Court. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). All pending motions are **DENIED AS MOOT.**

This dismissal shall not count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **REMINDED** that if he files a new case or seeks leave to proceed IFP without disclosing his litigation history, including his three strikes, he may be subject to sanctions including the dismissal of the case.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

To that end, the agency having custody of the Plaintiff is **DIRECTED** to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's

prison trust fund account until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, 750 Missouri Ave., East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at the Pinckneyville Correctional Center upon entry of this Order.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal the dismissal of this case, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days

after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

*[Signature]*

Judge Herndon
2018.04.10
11:22:59 -05'00'

_____
United States District Judge

4